IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JORGE MICHEL PIEDRA ESTEVEZ,
# A 074-029-661

    Petitioner,

vs.                                      CASE NO.  4:14cv78-RH/CAS

ERIC HOLDER, JR., et al,

    Respondents.

_____/

## ORDER and REPORT AND RECOMMENDATION

The Order entered in this case on March 3, 2014, doc. 7, has been returned to the Court as undeliverable.  Doc. 8.  The returned envelope is stamped "No Longer Here."  *Id.*  Coincidentally, at approximately the same time notice was given to the Court that Petitioner's mail was returned in this case, a new habeas petition was filed by Petitioner Jorge Michel Piedra Estevez and notice was given that Petitioner had paid the filing fee in the second case.  Case number 4:14cv90-WS/CAS.  Both cases have now been reviewed.

This case was the first habeas petition initiated by Petitioner, filed first in the Middle District of Florida on January 30, 2014.  Doc. 1.  It was transferred to this Court

on or about February 18, 2014. Doc. 5. The Order of Transfer noted that when Petitioner initiated the case he was detained at the Bake County Jail, but on February 7, 2014, Petitioner filed a notice advising he had been transferred to the Wakulla County Detention Center. *Id.* Because the Wakulla facility is in the jurisdiction of the Northern District, the case was transferred to this Court. Docs. 5, 6.

After receipt of the transfer, *see* doc. 6, an Order was entered in this Court directing Petitioner to either pay the filing fee or submit an in forma pauperis application. Doc. 7. It was that Order, doc. 7, which has now been returned. Doc. 8. Had it not been for the coincidental filing of another case, this Court would have entered a recommendation to close this case because Petitioner's location was unknown. It now appears that Petitioner has been returned to Baker County Detention Center. *See* doc. 8 of this case; case no. 4:14cv90-WS/CAS, and the Online Detainee Locator System website operated by U.S. Immigration and Customs Enforcement.[1]

Thus, the present scenario is that Petitioner initiated two cases, both of which are currently before this Court, although Petitioner is not before this Court because he is once again housed at the Baker County Detention Center. The two petitions are identical; the factual allegations are the same, the listing of Respondents is the same, and both petitions bear a January 30, 2014, date stamp by the United States District Court, Middle District of Florida, Jacksonville Division. *Cf.* doc. 1, case no. 4:14cv78; doc. 1, case no. 4:14cv90. The named Respondents are Attorney General Eric Holder, Secretary of the Department of Homeland Security Janet Napolitano, Director of the Southern District Field Office Mark Moore, and Warden of Baker County Detention

---

[1] That website is located at www.ice.gov.

Case No. 4:14cv78-RH/CAS

Center Joey Dobson. *Id.* Both petitions are signed by Petitioner and dated January 28, 2014. *Id.* The only difference between the two cases is that in case number 4:14cv90, initiated in this Court, Petitioner attached to the petition a copy of the Order of Transfer, docket printout from the Middle District of Florida, and his Change of Address Form. Doc. 1-1, case no. 4:14cv90. In both cases, Petitioner asserts that he is a native of Cuba, held in a period of indefinite detention, and there is no significant likelihood that he will be removed in the reasonably foreseeable future.

To determine whether either of these cases should continue in this Court, the hard copy of the petition received in case no. 4:14cv90 has been reviewed. The Clerk attached to the petition a copy of the envelope in which Petitioner mailed his petition to the Court. The envelope lists Petitioner's address in Crawfordville, Florida, at the Wakulla County Jail. That petition was filed on February 25, 2014, doc. 1, and an Order was entered on that same day directing Petitioner to either pay the filing fee or submit an in forma pauperis application. Doc. 3. Petitioner paid the $5.00 filing fee on March 12, 2014. Doc. 4 of case no. 4:14cv90.[2]

Generally, the proper defendant in a habeas case is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition.[3] Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *see also* Braden v. 30th Judicial Circuit

---

[2] That Order, however, was sent by the Clerk of Court to Petitioner at the Baker County Detention Center, the address Petitioner listed on his petition, notwithstanding that his mailing envelope listed his address at the Wakulla County Jail.

[3] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations,' " a proper respondent may be "the person exercising the 'legal reality of control' over the petitioner . . . ." 542 U.S. at 437, 124 S.Ct. at 2719.

Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  However, Padilla does not alter the well-settled rule that if a district court properly acquires jurisdiction when the case was filed, then the petitioner's subsequent removal to another judicial district does not destroy the court's jurisdiction.  542 U.S. at 440, 124 S.Ct. at 2721, *relying on* Ex parte Endo, 323 U.S. 283, 306, 65 S.Ct. 208, 89 L.Ed. 243 (1944) (holding that despite the Japanese-American citizen's removal from the district court's territorial jurisdiction, a respondent who resided in the district could appropriately execute the writ).  Indeed, the Supreme Court reiterated the simple and consistently applied rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  Padilla, 542 U.S. at 447, 124 S.Ct. at 2724.  Thus, "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  Padilla, 542 U.S. at 440-41, 124 S.Ct. at 2721, *explaining* Endo, *supra*.  Jurisdiction attaches upon the initial filing of the § 2241 petition, and will not be destroyed by Petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian.  *See e.g.,* Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005), *quoting* in Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

In this case, Petitioner was properly before the Middle District of Florida at the time of case initiation, but the case was transferred here when Petitioner was transferred to the Northern District of Florida.  Prior to review, Petitioner was transferred

back to the Middle District. Because Petitioner was not in the Northern District of Florida at case initiation and because none of the named Respondents are here, this Court does not have jurisdiction.

Recommending transfer is problematic because Petitioner could be forever trapped Petitioner in a judicial game of ping pong should he continue to be transferred. *See* Ransom v. United States, No. CV-212-078, 2012 WL 3757084, at *1, n.1 (S.D. Ga. July 30, 2012)(declining to transfer a § 2241 petition "to avoid a round of judicial ping pong"). However, the most appropriate remedy appears to be dismissal of this case because Petitioner has another appropriate avenue in which to pursue his claim. It appears that Petitioner was located at the Wakulla County Jail on the date of case initiation for case no. 4:14cv90, and the filing fee has already been paid for that case. This case should be dismissed as a duplicate case and Petitioner's second case, case no. 4:14cv90, which has progressed further than this case, should continue.[4] This Order and Report and Recommendation should be provided to Petitioner at his current location, Baker County Detention Center, such that he has an opportunity to object to this recommendation.

---

[4] Because Petitioner was in this District on the date the § 2241 petition was filed in case 4:14cv90, this Court acquired jurisdiction when the case was initiated and, thus, retains jurisdiction even though Petitioner has been transferred out of this District. *See* Natty v. Holder, No. 2012 WL 529936 at *2 (N.D. Ga. Jan. 27, 2012) (relying on Rolin v. Parole Comm'n, No. 10–00540–CG–N, 2011 U.S. Dist. LEXIS 24273 at *9–10 (S.D. Ala. Feb. 8, 2011), which noted that petitioner's transfer to Oklahoma "did not divest [the Alabama District] Court of jurisdiction over his § 2241 habeas petition," but recommending that petitioner amend his petition to add his present custodian as respondent).

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall forward this Order and Report and Recommendation to Petitioner at the Baker County Detention Center. *See* case no. 4:14cv90-WS/CAS.

2. The Clerk of Court shall also provide Petitioner with a copy of the Order, doc. 7, which was returned to this Court as undeliverable on March 11, 2014, doc. 8.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** as duplicative of Petitioner's second case (case no. 4:14cv90), as Petitioner may continue to litigate his claim in that second case which has progressed farther than this case.

**IN CHAMBERS** at Tallahassee, Florida, on March 14, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**